IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>MEDSURANT HOLDINGS, LLC et al.<br><br>Defendants | No. 3:23-CV-00501<br><br>CONSENT DECREE |

INTRODUCTION AND FINDINGS

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Medsurant Holdings, LLC, Medsurant, LLC, and Medsurant Operating, LLC (collectively "Defendants"), alleging that Defendants violated Sections 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § § 2000e-2(a), 2000e-3(a), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Sections 6(d)(1), 15(a)(2) and 15(a)(3) of the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d)(1), 215(a)(2), 215(a)(3) by paying a female employee, Gina DiCarlo, lower wages than were paid to one or more male comparators for performing equal work, retaliating against Ms. DiCarlo for engaging in protected activity, and causing Ms. DiCarlo's constructive discharge.

The Commission and Defendants desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of Title VII and the EPA. This Decree does not constitute an adjudication on the merits of the Commission's claims. The terms of the Decree are the product of joint negotiation and are not to be construed as having been authored by any one party. Defendants agree and stipulate that the

1

Commission has named all necessary parties in this action, Defendants have the authority and capacity to provide in full the monetary, injunctive and other relief required by the Decree, and that Medsurant Holdings, LLC, Medsurant LLC, and Medsurant Operating LLC are jointly and severally liable for the obligations and/or relief required collectively or of each herein. Defendants agree and stipulate that all monetary relief to be provided in accordance with the Decree is a debt owing to and collectible by the United States.

The Parties stipulate that this Court has jurisdiction over the Parties, the subject matter of the action, and enforcement of the Decree. The Parties further stipulate that this Court has the authority to enter and to enforce the Decree and that the Decree is final and binding upon the Commission and upon Defendants and their agents, officers, members, employees, successors, and assigns.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, Title VII, and the EPA. The Court further finds that it has jurisdiction over the Parties and the subject matter of this action. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

## DEFINITIONS

A. "Defendants" shall mean collectively Medsurant Holdings, LLC, Medsurant, LLC, and Medsurant Operating, LLC, and each such entity's owners, members, directors, officers, employees, successors, assigns, agents and all persons and entities in active concert therewith.

B. "Commission" shall mean the U.S. Equal Employment Opportunity Commission.

C. "Compensation" shall be defined consistent with Section 703(a)(1) of Title VII, applicable regulations, and controlling case law.

D. "Effective Date" shall mean the date on which this Decree is entered by the Court.

E. "Equal Work" shall be defined consistent with the EPA, applicable regulations and controlling case law.

F. "Parties" shall mean collectively Defendants and the Commission.

G. "Wages" shall be defined consistent with the EPA, applicable regulations and controlling case law.

H. "Monitorists" shall mean any person(s) working for Defendants as an Intraoperative Neurophysiology Monitorist and/or performing duties associated with the Monitorist position.

## GENERAL PROVISIONS

1. This Decree shall remain in effect for three (3) years from the Effective Date.

2. Unless otherwise specified, this Decree shall apply to all of Defendants' facilities, work locations, practices and operations.

3. All time periods specified in this Decree shall be computed in accordance with Fed. R. Civ. P. 6(a)(1).

4. If one or more provisions of this Decree are adjudicated to be unlawful or unenforceable, the Parties shall engage in reasonable efforts to amend the Decree in order to preserve or effectuate, in a lawful manner, the purpose or intent of the conflicting provision. In any event, all other provisions of the Decree shall remain in full force and effect.

5. The Parties shall each bear their own attorneys' fees and costs incurred in connection with the action.

6. Prior to any sale, merger or transfer of Defendants' business or assets, Defendants shall provide written notice to the potential purchaser or transferee, and to any other potential successor, of the existence of and allegations in this action and of the contents of the Decree, along with a copy of the Complaint and this Consent Decree.

7. When this Decree requires the submission of records, notices, reports or other documents or information to one or both Parties, such submission shall be deemed served on the date it is actually received. Unless otherwise specified by the receiving Party, service of documents and information shall be by certified or electronic mail:

   a. If to EEOC: Maria L. Morocco, EEOC Assistant Regional Attorney 131 M Street, NE, 4th Floor, Washington, DC 20507, maria.morocco@eeoc.gov - or such other person as EEOC shall designate.
   b. If to Defendants: Stephen Houff, MD, CEO, 100 Front Street, Suite 280, Conshohocken, PA 19428, shouff@medsuranthealth.com or such other peson as Defendants shall designate.

## CLAIMS RESOLVED

8. This Decree resolves the claims asserted by the Commission in the Complaint in this action, through the date of entry of the Decree.

9. Upon approval and entry of the Decree, the Court shall dismiss the action with prejudice while retaining jurisdiction over the Decree and to resolve any claims or disputes concerning implementation, enforcement, or amendment of the Decree and to enter any order, judgment or agreement related to the same.

10. Nothing in this Consent Decree shall affect, limit, or infringe the Commission's authority to file, investigate and process charges of discrimination against Defendants, or to commence civil actions against Defendants for claims not resolved by this Decree.

## NON-DISCRIMINATION

11. Defendants are enjoined from engaging in sex-based discrimination in violation of Title VII or the EPA, and are specifically enjoined from causing or permitting:

   a. The payment of wages to an employee of one sex that is less than the wages paid to one or more employees of the opposite sex for jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, unless the wage differential is due to: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor other than sex.

   b. Adverse employment actions relating to wages or compensation because of sex.

12. Defendants are further enjoined from retaliating against any individual for asserting his or her rights under Title VII or the EPA, or otherwise engaging in protected activity, such as by complaining of or opposing discrimination, filing a complaint or charge, or participating in or giving testimony or assistance with an investigation or litigation.

## MONETARY RELIEF

13. Within thirty (30) days of the Effective Date, Defendants shall pay Gina DiCarlo damages totaling $80,000, in the amounts and forms specified below:

   a. Back pay: $46,623 which constitutes back pay. This amount will be classified as wages and will be subject to withholdings and payroll taxes. Defendants' employer-side taxes and required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payment. Defendants shall report the back pay payment to Ms. DiCarlo and the IRS via an IRS Form W-2.

   b. Interest on Back pay: $8,169.93, which constitutes interest on backpay. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Ms. DiCarlo and the IRS via an IRS Form 1099-MISC.

5

c. Section 1981a Damages: $25,207.07 which constitutes damages under 42 USC § 1981a. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Ms. DiCarlo and the IRS via an IRS Form 1099-MISC.

d. The required payments shall be made by checks delivered via certified or express overnight mail or another method capable of being tracked at the address to be provided by EEOC within three (3) days of the Effective Date.

14. Within three (3) days of such payments, Defendants shall send a photocopy of each check, along with a photocopy of the certified mail receipts or other documentation of delivery, to the Commission.

## NON-MONETARY RELIEF

### Policy

15. Within thirty (30) days from the Effective Date, Defendants shall develop and adopt a revised non-discrimination policy. The policy will be made part of the employee handbook or manual and be disseminated to all current employees. This policy shall clearly and affirmatively state and explain:

   a. the protected characteristics under applicable employment laws (including sex), and Defendants' duty to comply with anti-discrimination laws and its commitment to equal employment opportunities;

   b. the prohibition on discrimination or harassment on the basis of protected characteristics;

   c. the prohibition on discrimination includes discrimination in wages, benefits or other forms of compensation;

   d. the definition of protected activity, with examples, and the prohibition on retaliation for engaging in protected activity;

   e. a clear and effective procedure for making and investigating complaints of discrimination or harassment, specifying the responsible individuals/departments to receive complaints and their contact information, investigative steps to be taken, and

documentation to be provided to the complainant explaining the outcome of the complaint and investigation;

f. that the identity of an individual who submits a complaint or a witness who provides information regarding a complaint will be kept confidential to the extent possible;

g. that all employees who have experienced, witnessed or acquired information about discrimination or harassment (as to themselves or another employee) should report the discrimination or harassment;

h. a requirement that Defendants shall ensure that appropriate corrective action will be taken when discrimination or harassment is found to have occurred; and

i. a requirement that the complaining employee will be provided written confirmation explaining the disposition of the complaint and any final corrective action taken by Defendants.

16. Within thirty (30) days from the Effective Date, Defendants shall develop and adopt a fair compensation policy. The policy will be made part of the employee handbook or manual and be disseminated to all current employees. This policy shall, *inter alia*, clearly and affirmatively state that:

a. no decisions about wages, bonuses, benefits or other forms of compensation will be made on the basis of any protected characteristic, including sex;

b. the company will not pay wages, bonuses, benefits or other forms of compensation to employees of one sex at a rate less than that paid to one or more employees of the opposite sex for jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions;

c. employees are not prohibited from inquiring about or discussing their compensation;

d. the company has a policy for considering and providing internal equity pay adjustments, including to eliminate improper pay disparities; and

e. the process for making requests for equity pay adjustments and/or complaints concerning alleged discrimination in wages or other forms of compensation, including through the company's revised anti-discrimination policy complaint procedure.

17. Within ten (10) days of compliance with Paragraphs 15 and 16, Defendants shall provide the Commission with a copy of the revised anti-discrimination and fair compensation policies and updated employee manual, a certification that the revised policies have been distributed as required, and a description of the method of dissemination to current employees and confirmation of receipt.

18. Defendants shall provide a copy of the revised anti-discrimination and fair compensation policies and updated employee manual upon hire to all employees hired after the entry of this Decree.

19. Within thirty (30) days from the Effective Date, Defendants shall review and revise any policies that conflict with the requirements of this Decree and/or the new or revised non-discrimination and fair compensation policies as described above. This includes but is not limited to:

   a. Revising the confidentiality provisions in Defendants' handbooks or codes of conduct to clarify that the provisions do not prohibit the discussion or disclosure of an employee's own salary, benefits or other compensation nor the discussion of such information voluntarily disclosed by the employee whom it concerns.

20. During the term of the Consent Decree, any proposed amendments to Defendants' anti-discrimination, fair compensation or related policies must be provided to the Commission at least thirty (30) days prior to their proposed effective date and must be consistent with this Decree.

### Training

21. Within ninety (90) days from the date of entry of the Decree, Defendants shall provide no less than one and a half (1.5) hours of live, interactive training for all of Defendants' managers, Human Resources officials, and any persons involved in setting or changing employee

wages or compensation and/or receiving or processing employee discrimination complaints or requests for internal equity adjustments. This training shall be live (remote or in-person) and provided by an outside lawyer or human resources professional with expertise in anti-discrimination laws and pay equity. The training shall include written materials and interactive segments that cover, *inter alia*, discussions of workplace discrimination and harassment prohibited by federal law, including discrimination in wages or compensation based on sex under Title VII and the EPA, as well as the content and administration of Defendants' revised anti-discrimination and fair compensation policies. The training shall also address the job-related factors or considerations to be applied by decision-makers when setting or changing wages or compensation and issues of pay equity. The training shall also review forms of protected activity under Title VII and the EPA and protections from retaliation for engaging in protected activity. The training shall further address the participant's roles/responsibilities in receiving or processing pay or discrimination complaints and the processes for assessing or administering internal equity adjustments.

22. Within ten (10) days of compliance with Paragraph 21, Defendants shall provide the Commission with a copy of the training materials used, the date and time of the training, and the names and positions of all employees attending the training.

23. Defendants shall provide the training described in Paragraph 21 to all persons newly hired or promoted into any position covered by that paragraph within sixty (60) days. Such training may be pre-recorded from the initial live training session.

9

Audit

24. Within one hundred twenty (120) days of the Effective Date, Defendants shall complete an internal sex-based pay equity audit for Monitorists in the Tennessee Region. This audit shall include, *inter alia:*

- a. assessment of the wage and compensation structure and policies applicable to the Monitorist position and any policies or guidance governing the setting or changing of wages or compensation;

- b. systems for explanation, oversight or review of Monitorist wage and compensation decisions and alignment of such decisions;

- c. collection of relevant demographic and employment data for Monitorists;

- d. collection of initial and continuing wage and compensation data for Monitorists;

- e. analysis of the relevant demographic, employment and wage and compensation data and identification of pay disparities (initial and/or continuing) between persons of the opposite sex;

- f. assessment of the existence and nature of particular pay disparities and whether each is demonstrably attributable to consistent, job-related, and contemporaneously relied upon factors other than sex;

- g. proposed corrective measures, including:
    - i. upward adjustment in specific incumbent Monitorists' wages and compensation to eliminate improper disparities; and
    - ii. revisions to pay-related policies, practices, guidance or training to prevent improper disparities and promote pay equity.

25. The audit will include preparation of a report detailing the persons responsible for conducting the audit and preparing the report, and the actions taken, the data compiled, analysis completed, findings made, and corrective measures proposed and undertaken as part of the audit. A copy of the audit report will be provided to EEOC.

## Notice Posting

26. Within thirty (30) days after the Effective Date, Defendants shall upload to its intranet or other electronic system for sharing work information with Monitorists, the Notice attached hereto as Exhibit A. The posting of the Notice must be maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendants shall ensure that new, readable copies of the Notice is posted in the same manner as heretofore specified.

27. Within ten (10) days of compliance with Paragraph 26, Defendants shall provide the Commission with a copy of the signed Notice and a certification that such documents have been posted and uploaded as required, and a statement of the location(s) and date(s) of posting and upload. Defendants shall provide additional certification on an annual basis corresponding with the Effective Date for the duration of the Decree.

## COMPLIANCE MONITORING

28. During the term of the Consent Decree, the Commission is authorized to monitor compliance with the Decree, which may occur through inspection of Defendants' premises, attendance or observance of events required by the Consent Decree, interviews with Defendants' employees or representatives, production and inspection of Defendants' records, and other investigatory techniques provided for under 42 §§ U.S.C. 2008e-8, 2000e-9, the EPA, or the Commission's regulations.

29. During the term of the Consent Decree, Defendants shall, within thirty (30) days of receiving a complaint (through its hotline, a supervisor, the Human Resources department, or otherwise per Defendants' complaint processes) of sex-based discrimination in wages or compensation or of retaliation in violation of statutes enforced by EEOC, provide EEOC with a report and records concerning such complaints. This shall include:

   a. the full name, position, work location and last known contact information for the person making the complaint and the person alleged to have committed or be responsible for the discriminatory conduct;
   b. the date, content and nature of the complaint, manner in which the complaint was made, and the name and position of the person to whom it was made;
   c. Defendants' actions in response to the complaint, status and results of any investigation and person(s) responsible for conducting the investigation or response;
   d. all documents received, created, or compiled as part of the complaint or investigation process or otherwise relating to same; and supplemental information or records where the complaint, investigation or response is ongoing.

## DISPUTE RESOLUTION

30. Upon motion of the Commission this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. At least twenty-one (21) days prior to making such motion the Commission will provide notice to Defendants of the claimed non-compliance, affording Defendants the opportunity to fully cure the alleged violation. However, no notice requirement or curative period shall apply in situations where the EEOC believes in good faith that violation(s) of the Decree have occurred for which any delay in judicial enforcement may result in irreparable harm. Each party shall bear its own costs, expenses and attorneys' fees incurred in

connection with any compliance action, unless this Court should determine that shifting fees or costs is an appropriate sanction in such proceedings.

### EEOC Reporting Requirements Under IRC Sections 162(f) and 6050X

31. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

   a. Medsurant Operating, LLC's applicable EIN is: 45-1358995. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is: Mary F Brook, SVP Administration and Controller Medsurant Holdings, LLC, 1660 S Albion St, Ste 227, Denver, CO 80222.

   b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

   c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

   d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

   e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**SIGNATURES AND ENTRY**

The undersigned affirm their authority to sign on behalf of their respective party and hereby consent to the entry of the foregoing Consent Decree.

| | |
|---|---|
| **FOR PLAINTIFF** <br> **U.S. EQUAL EMPLOYMENT** <br> **OPPORTUNITY COMMISSION** | **FOR DEFENDANT MEDSURANT HOLDINGS, LLC** |
| /s/ Debra M. Lawrence (w/ permission) <br> Debra M. Lawrence <br> Regional Attorney | _____ <br> Dr. Stephen Houff <br> CEO |
| /s/ Maria L. Morocco (w/permission) <br> Maria L. Morocco <br> Assistant Regional Attorney | **FOR DEFENDANT MEDSURANT, LLC** <br> _____ <br> Dr. Stephen Houff <br> CEO |
| /s/ Thomas D. Rethage <br> Thomas D. Rethage <br> Senior Trial Attorney <br> U.S. EEOC <br> Philadelphia District Office <br> 801 Market Street, Suite 1000 <br> Philadelphia, PA 19107-3127 <br> Phone: (267) 589-9756 <br> thomas.rethage@eeoc.gov | **FOR DEFENDANT MEDSURANT OPERATING, LLC** <br> _____ <br> Dr. Stephen Houff <br> CEO |

**IT IS SO ORDERED:**

_____
Hon. Aleta A. Trauger
United States District Judge



U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**POSTED PURSUANT TO FEDERAL COURT ORDER**
**EEOC v. MEDSURANT HOLDINGS, LLC et al. (M.D. Tenn. 3:23-cv-00501)**

This Notice is posted as part of the resolution of a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Medsurant Holdings, LLC, Medsurant, LLC, and Medsurant Operating, LLC (collectively "Medsurant Health"). The EEOC enforces federal laws prohibiting discrimination based on sex, race, color, national origin, religion, disability, age or genetic information, and retaliation for reporting or opposing such discrimination. The EEOC alleged that Medsurant Health subjected a female employee to sex-based pay discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963 ("EPA").

Title VII prohibits an employer from discriminating against an employee, including in compensation, because of his or her sex. The EPA generally prohibits an employer from paying lesser wages to employees of one sex than to one or more employees of the opposite sex to perform equal work. Both statutes prohibit retaliating against an employee for engaging in protected activity, such as inquiring or complaining about pay inequity.

To resolve this lawsuit EEOC and Medsurant Health have entered into a Consent Decree which provides, among other things, that Medsurant Health: (1) will not make pay decisions based on sex or pay employees of one sex less than it pays to one or more employees of the opposite sex to perform equal work; (2) will not retaliate against any employee for reporting sex discrimination or participating in investigations; (3) will train employees on the federal laws prohibiting sex discrimination; and (4) will distribute to all employees a new employee manual with a revised anti-discrimination policy and fair compensation policy.

If you believe you have been discriminated or retaliated against, you may file a charge of discrimination with the EEOC. For more information on filing a charge of discrimination, or locating your nearest EEOC office, visit www.eeoc.gov.

_____   _____
Date                    Dr. Stephen Houff - CEO

**THIS OFFICIAL NOTICE MUST REMAIN POSTED FOR 3 YEARS AFTER (insert effective date)**

16

Case 3:23-cv-00501   Document 27   Filed 01/18/24   Page 15 of 15 PageID #: 126